

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED
JAN 10 2020
Clerk, U.S. District and
Bankruptcy Courts

Clay C. Keys,        )
                     )
    Plaintiff,   )
                     )
v.                   )   Civil Action No.   19-3597 (UNA)
                     )
                     )
David M. Hardy *et. al.*,  )
                     )
    Defendants.  )

**MEMORANDUM OPINION**

    This matter, brought *pro se*, is before the Court on review of plaintiff's application to proceed *in forma pauperis* and complaint. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915A (requiring immediate dismissal of a prisoner's action upon a determination that the complaint fails to state a claim upon which relief may be granted).

    A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff is a prisoner incarcerated at the Federal Correctional Institution in Seagoville, Texas, and "a frequent FOIA requester." Compl. at 2. He has sued FBI Section Chief David M. Hardy and DOJ's Office of Information Policy Chief Sean R. O'Neill under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), based on their handling of his FOIA requests. Plaintiff alleges that defendants conspired with other FBI employees "to falsify and fabricate, official government documents, in order to mislead, hamper, impede, sabotage and to defraud by malicious

misconduct," in response to his FOIA requests. Plaintiff is suing the defendants only in their individual capacities, and he seeks $2.5 million in "punitive damages." *Id.* at 8.

*Bivens* "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Implied causes of action are "disfavored," *Iqbal*, 556 U.S. at 675, and the Supreme Court "has declined to extend *Bivens* where Congress has provided at least a partial remedy via statute," *Liff v. Office of Inspector Gen. for U.S. Dep't of Labor*, 881 F.3d 912, 918 (D.C. Cir. 2018) (citing cases). The D.C. Circuit has specifically "recognized alternative remedial schemes precluding *Bivens* actions" in the context of FOIA and the Privacy Act. *Id.* at 918-19 (citing *Wilson v. Libby*, 535 F.3d 697, 706 (D.C. Cir. 2008) (collecting cases)). It has concluded, moreover, that a constitutional claim for damages against an agency employee predicated on the alleged mishandling of a FOIA request is "not otherwise actionable." *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002). Accordingly, this case will be dismissed. An order will issue separately.

Date: January 8, 2020

/s/ Amit Mehta
United States District Judge